# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **STAN HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **Civil Action No. 11-1210 (RJL)** |
| | ) | |
| **U.S. DEPARTMENT OF** | ) | |
| **VETERAN AFFAIRS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION
(August 27, 2012) [#15 & #23]

In this action brought *pro se* under the Freedom of Information Act ("FOIA"), 5

U.S.C. § 552, and the Privacy Act, 5 U.S.C. § 552a, plaintiff challenges defendant U.S.

Department of Veterans Affairs' (hereafter "VA") response to his request for service

treatment records ("STRs") underlying the denial of his application for veterans disability

benefits.  Having released 636 pages of unredacted records, the VA contends that

plaintiff's FOIA claim is moot and therefore moves to dismiss under Rule 12(b)(1) of the

Federal Rules of Civil Procedure or for summary judgment under Rule 56.  Def.'s Mot. to

Dismiss or for Summ. J. (ECF No. 15).  Plaintiff has filed an opposition to defendant's

motion, Pl.'s Response to Def.'s Mot. to Dismiss or for Summ. J. ("Pl.'s Opp'n") (ECF

No. 22), and a separate motion for summary judgment on the Privacy Act claim.  Pl.'s

Mot. for Summ. J. (ECF No. 23).

Upon consideration of the parties' submissions and the entire record, the Court will GRANT defendant's motion for summary judgment and DENY plaintiff's cross motion for summary judgment.

## BACKGROUND

Plaintiff, a prisoner incarcerated in Dalton, Texas, "is an Honorably Discharged U.S. Army Veteran seeking service-connected disability compensation and other benefits authorized by Title 38 of the United States Code." Pl.'s Opp'n at 3. On April 5, 2011, the VA denied plaintiff's application for veterans disability benefits for a "bilateral wrist condition" based in part on his "[s]ervice treatment records from November 1, 1977 through September 14, 1984." Am. Compl., Ex. K, at 2 (ECF No. 11). By letter of April 11, 2011, plaintiff requested from the VA's Houston regional office ("VARO") his "complete claims file [including] all the evidence [the VA] relied upon in rendering [its] rating decision dated April 5, 2011, in particular: (i) all copies of the 'service treatment record evidence' from November 1, 1977 through September 14, 1984, and (ii) all 'treatment reports from Texas Department of Criminal Justice from April 9, 2002 through October 21, 2010.'" *Id.*, Ex. L.

By letter of May 2, 2011, the VA released a complete copy of plaintiff's claim file, consisting of 636 pages. Decl. of Jeanne Paul ("Paul Decl.") ¶ 14 (ECF No. 15-2). The file included "personal statements from the veteran, medical records pertaining to the claim, and any other supporting evidence that establishes eligibility and entitlement to Veterans benefits." *Id.* After the commencement of this action on June 30, 2011, defendant conducted another search of plaintiff's claim file and located an STR dated

September 30, 1977.  Although defendant considered that record to be outside of the requested time period, it had included the STR in the release on May 2, 2011.  *Id.* ¶ 17.

Presumably because no STRs covering November 1, 1997 to September 14, 1984 were produced in response to plaintiff's FOIA request, plaintiff contends that "[d]efendant now admits that it does not have and never did have possession of documentary evidence [it] relied upon . . . in [denying] . . . Title 38 benefits and compensation."  Pl.'s Mot. for Summ. J. ¶ 8.  Plaintiff states that "[t]he entire basis of [his] FOIA/PA request . . . is based upon defendant having denied [p]laintiff's claims for service-connected disability compensation and related benefits . . . and, in doing so, having relied upon agency records . . . defendant had claimed was in its possession."  Pl.'s Opp'n at 2.

## LEGAL STANDARD

Summary judgment is appropriate when the movant demonstrates "that there is no genuine dispute as to any material fact and [that it] is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[T]he substantive law will identify which facts are material.  Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (citation omitted).

The FOIA requires a federal agency to "make [requested] records promptly available to any person."  5 U.S.C. § 552(a)(3)(A).  The Court is authorized under the FOIA only "to enjoin [a federal] agency from withholding agency records or to order the

production of any agency records improperly withheld from the complainant." 5 U.S.C.

§ 552(a)(4)(B); *see Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S.

136, 139 (1980). An agency's disclosure obligations extend to responsive records in the

agency's possession at the time of the request. *See Nat'l Sec. Archive v. Archivist of the

U.S.*, 909 F.2d 541, 545 (D.C. Cir. 1990) ("[T]he agency must have 'possession or

control' over a document before it may be deemed to be 'withholding' it.") (footnote and

citation omitted).

"When assessing a motion for summary judgment under FOIA, the Court shall

determine the matter de novo." *Judicial Watch, Inc. v. U.S. Dep't of Homeland Sec.*, 598

F. Supp. 2d 93, 95 (D.D.C. 2009) (citing 5 U.S.C. § 552(a)(4)(B)). The Court may award

summary judgment based solely on information provided in affidavits or declarations if

they "describe the documents and the justifications for nondisclosure with reasonably

specific detail, demonstrate that the information withheld logically falls within the

claimed exemption, and are not controverted by either contrary evidence in the record

[]or by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724,

738 (D.C. Cir. 1981) (footnote and citation omitted). Such affidavits or declarations "are

accorded a presumption of good faith, which cannot be rebutted by purely speculative

claims about the existence and discoverability of other documents." *Safe Card Servs.,

Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation and internal quotation marks

omitted). To rebut the presumption, a plaintiff "must point to evidence sufficient to put

the Agency's good faith into doubt." *Ground Saucer Watch, Inc. v. CIA*, 692 F.2d 770,

771 (D.C. Cir. 1981).

## ANALYSIS

### 1. Plaintiff's FOIA Claim

Plaintiff challenges only the fact that defendant did not produce the STRs that he surmises were relied upon to deny his application for veterans benefits. Since an inadequate search for records would constitute an improper withholding under the FOIA, *see Maydak v. U.S. Dep't. of Justice*, 254 F. Supp. 2d 23, 44 (D.D.C. 2003), the Court denies defendant's motion to dismiss the FOIA claim as moot premised on its complete release of responsive records.

The agency to which a FOIA request is submitted is required to "make a good faith effort to conduct a search for the requested records, using methods which can reasonably be expected to produce the information requested." *Int'l Trade Overseas, Inc. v. Agency for Intern. Dev.*, 688 F. Supp. 33, 36 (D.D.C. 1988) (quoting *Marrera v. U.S. Dep't of Justice*, 622 F. Supp. 51, 54 (D.D.C. 1985)) (other citations omitted). In determining the adequacy of a FOIA search, the Court is guided by principles of reasonableness. *Id.* (citing *Weisberg v. U.S. Dep't of Justice*, 745 F.2d 1476, 1485 (D.C. Cir. 1984)). Because the agency is the possessor of the records and is responsible for conducting the search, the Court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999) (citing *Oglesby v. U.S. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990); *Kowalczyk v. U.S. Dep't of Justice*, 73 F.3d 386, 388 (D.C. Cir. 1996); *Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C.

Cir. 1983)). "Once the agency has shown that its search was reasonable, the burden is on the [plaintiff] to rebut [the defendant's] evidence by a showing that the search was not conducted in good faith." *Moore v. Aspin*, 916 F. Supp. 32, 35 (D.D.C. 1996) (citing *Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1985)). Summary judgment is inappropriate "if a review of the record raises substantial doubt" about the adequacy of the search. *Valencia-Lucena*, 180 F.3d at 326 (citing *Founding Church of Scientology v. Nat'l Sec. Agency*, 610 F.2d 824, 837 (D.C. Cir. 1979)). However, the mere fact that a particular record was not found does not render the search inadequate. *Boyd v. Criminal Div. of the U.S. Dep't of Justice*, 475 F.3d 381, 390-91 (D.C. Cir. 2007) (citing *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)) (other citation omitted). This is because "the adequacy of a FOIA search is generally determined not by the fruits of the search, but by the appropriateness of the methods used to carry out the search." *Santana v. Dep't of Justice*, 828 F. Supp. 2d 204, 209 (D.D.C. 2011) (quoting *Iturralde*, 315 F.3d at 315) (internal quotation marks and other citation omitted).

In response to plaintiff's FOIA request, VARO located and released the requested claim file in its entirety. During the instant proceedings, defendant's declarant conducted "a page by page review of [plaintiff's] file and [] found only one Service Treatment Record . . . dated September 30, 1977, which is [plaintiff's] enlistment physical record . . . ." Paul Decl. ¶ 17. Although the record was "outside the date range of [the request]," it "was furnished as part of the claims file to [plaintiff] on May 2, 2011." *Id.* Paul states that "[c]laim files at [the Houston] VARO [are] stored in physical form only[;] [t]here are no claim forms . . . stored in electronic format[,]" *id.* ¶ 12, and further states that "[a]ll

files that are likely to contain material responsive to [plaintiff's] request were searched."
*Id.* ¶ 19. Paul adds that "[o]ver the years, requests were sent to the Records Management
Center . . . and the National Personnel Records Center . . . by both VA and Mr. Hunt in
an effort to obtain his [STRs]. Those requests resulted in negative findings." *Id.* ¶ 18. In
addition to the searches conducted by VARO staff, "a search was made of [the Veterans
Health Administration's] electronic records," utilizing plaintiff's social security number,
but no STRs with regard to plaintiff were found. Decl. of Susan Hickey ¶¶ 5-7, 10 (ECF
No. 15-3). Hickey provides a reasonably detailed description of the files searched and
the search methods employed, *id.* ¶¶ 7-10, and also states that "[a]ll files that are likely to
contain records responsive to [plaintiff's] request have been searched." *Id.* ¶ 11.

Plaintiff has not seriously challenged defendant's declarations or proffered any
evidence to call into question the demonstrated reasonableness of defendant's searches or
the agency's good faith. Finding no material fact genuinely in dispute with regard to
defendant's disclosure obligations, the Court concludes that defendant is entitled to
judgment on plaintiff's FOIA claim.

### 2. Plaintiff's Privacy Act Claim

Defendant has not opposed plaintiff's motion for summary judgment on his
Privacy Act claim.[1] Nor has defendant addressed this claim in its dispositive motion.
The Court nevertheless finds that plaintiff is not entitled to summary judgment on his

---

[1]    After granting four of defendant's motions for enlargements of time to oppose
plaintiff's summary judgment motion and signaling its growing impatience with such
motions, *see* Min. Order of June 22, 2012, the Court finally denied defendant's fifth
motion for additional time to file an opposition.

Privacy Act claim because he has not proffered any evidence upon which a reasonable fact finder could rely to find in his favor. *See* 28 U.S.C. § 1915A (requiring a district court to screen a prisoner's complaint and to dismiss it "as soon as practicable" upon a determination that the complaint fails to state a claim upon which relief may be granted).

Subsection (e)(5) of the Privacy Act requires that an agency "maintain all records which are used by the agency in making any determination about any individual with such accuracy, relevance, timeliness, and completeness as is reasonably necessary to assure fairness to the individual in the determination." 5 U.S.C. § 552a(e)(5). An individual may access an agency's records or information in a system of records pertaining to him and may request amendment of such records. *See* 5 U.S.C. § 552a(d). That individual may file a civil action against an agency which "makes a determination . . . not to amend an individual's record in accordance with his request." 5 U.S.C. § 552a(g)(1)(A). In addition, an individual may bring suit against an agency under subsection (g)(1)(C) if the agency:

> fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual.

5 U.S.C. § 552a(g)(1)(C). If the Court determines that the agency's actions were willful or intentional, it may award actual damages sustained by the individual as a result of the agency's failure to maintain its records with the requisite level of accuracy, and further may award costs of the action and attorney fees. 5 U.S.C. § 552a(g)(4).

Plaintiff's Privacy Act claim is predicated on his speculation that defendant relied upon "non-existent" records to deny his application for veterans benefits. Pl.'s Mot. for Summ. J. ¶ 10. But the Privacy Act is not "a vehicle for amending the judgments of federal officials or . . . other[s] . . . as those judgments are reflected in records maintained by federal agencies." *Kleiman v. Dep't of Energy*, 956 F.2d 335, 337-38 (D.C. Cir. 1992) (quoting *Rogers v. U.S. Dep't of Labor*, 607 F. Supp. 697, 699 (N.D. Cal. 1985)); *accord Baker v. Winter*, 210 Fed. Appx. 16, 18 (D.C. Cir. 2006) ("The Privacy Act requires modification only of factual errors, not of errors in opinion[.]") (citation omitted); *see also Levant v. Roche*, 384 F. Supp. 2d 262, 270 (D.D.C. 2005) ("complaint [] not about the accuracy of [] records, but about the underlying decision they reflect" is not cognizable under the Privacy Act); *McCready v. Principi*, 297 F. Supp. 2d 178, 190 (D.D.C. 2003) ("The [Privacy Act] allows for correction of facts but not correction of opinions or judgments, no matter how erroneous such opinions or judgments may be.") (citations omitted), *rev'd in part on other grounds sub nom. McCready v. Nicholson*, 465 F.3d 1 (D.C. Cir. 2006).

"[I]t is feasible, necessary, and proper, for the agency and, in turn, the district court to determine whether each filed item of information is accurate." *Doe v. United States*, 821 F.2d 694, 699 (D.C. Cir. 1987) (citation omitted). Since plaintiff has not identified an agency record subject to testing for accuracy, the Court must deny his motion for summary judgment because he has not proffered any probative evidence of a Privacy Act violation. *See Deters v. United States Parole Comm'n*, 85 F.3d 655, 658 (D.C. Cir. 1996) (in the "typical" Privacy Act case, the "truth" is "clearly provable" or

"relatively easily ascertainable") (citation and internal quotation marks omitted);

*Research Air, Inc. v. Kempthorne*, 589 F. Supp. 2d 1, 12 (D.D.C. 2008) (concluding that while the complainant "may very well have a legitimate grievance with DOI, . . . without the records that [he] claims are inaccurate and without evidence to rebut those records, [the complainant] cannot provide evidence to substantiate his claims that DOI violated the Privacy Act . . . .").[2]

## CONCLUSION

For the foregoing reasons, the Court GRANTS defendant's motion for summary judgment and DENIES plaintiff's motion for summary judgment. A separate final order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge

---

[2]    Plaintiff's recourse lies, if at all, outside of this Court's jurisdiction. "The exclusive avenue for redress of veterans' benefits determinations is appeal to the Court of Veterans Appeals [renamed Court of Appeals for Veterans Claims] and from there to the United States Court of Appeals for the Federal Circuit." *Price v. U.S.*, 228 F.3d 420, 421 (D.C. Cir. 2000) (per curiam) (citing 38 U.S.C. §§ 511, 7252, 7292) (other citations omitted).