**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **STAN HUNT,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 11-1210 (RJL)** |
| | ) | |
| **U.S. DEPARTMENT OF VETERAN AFFAIRS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

th

**MEMORANDUM OPINION**
February 14, 2013 [## 37-1, 38]

Pending before the Court is plaintiff's Motion for Leave to File Rule 59 Motion for Reconsideration [Dkt. # 38] and his Rule 59 Motion for Reconsideration [Dkt. # 37-1], which defendant has opposed [Dkt. # 41]. Plaintiff seeks reconsideration of the final order entered on August 31, 2012 [Dkt. # 34]. Since the motion to reconsider was timely filed on September 13, 2012, the Court DENIES AS MOOT plaintiff's Motion for Leave to File the Rule 59 Motion. *See* Fed. R. Civ. P. 59(e) (requiring a motion to alter or amend a judgment to be filed no later than 28 days after the entry of the judgment). In addition, for the reasons stated below, the Court GRANTS IN PART and DENIES IN PART plaintiff's Motion for Reconsideration.

Motions for reconsideration of final orders are committed to the sound discretion of the trial court to grant or deny. *See Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C. Cir. 1996). A motion for reconsideration "need not be granted unless the district court finds that there is an intervening change of controlling law, the availability of new

evidence or the need to correct a clear error or prevent manifest injustice." *Id.* (citations and internal quotation marks omitted). "A Rule 59(e) motion to reconsider is not simply an opportunity to reargue facts and theories upon which a court has already ruled," *New York v. United States*, 880 F. Supp. 37, 38 (D.D.C. 1995), nor is it a means to raise new issues or to present new theories or arguments that could have been advanced during the course of litigation, *Patton Boggs LLP v. Chevron Corp.*, 683 F.3d 397, 403 (D.C. Cir. 2012) (citing *Fox v. Am. Airlines, Inc.*, 389 F.3d 1291, 1296 (D.C. Cir. 2004)).

Plaintiff makes two independent assertions in his motion for reconsideration. First, he asserts that the Court's denial of his motion for summary judgment on the Privacy Act claim "is contrary to the facts and applicable law." Pl.'s Mot. for Reconsideration ¶ 5. This assertion reiterates previously-considered arguments, thereby providing no basis for reconsideration of the denial of plaintiff's summary judgment motion. For this reason, this element of plaintiff's motion for reconsideration must be denied.

Second, plaintiff asserts that the judgment in defendant's favor on the Privacy Act claim constituted "an error of law" since defendant failed to respond to that claim in its summary judgment motion and "did not seek relief with regard" to that claim. *Id.* ¶ 3. As to this assertion, the Court finds that plaintiff has reasonably questioned the awarding of judgment to defendant on the Privacy Act claim, since defendant did not seek summary judgment on this claim or oppose plaintiff's motion for summary judgment. In granting this element of plaintiff's motion, the Court will amend the final order to make clear that judgment is awarded to defendant only on the Freedom of Information Act

claim and that the Privacy Act claim is dismissed under the screening provisions of 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted. *See* Mem. Op. [Dkt. # 33] at 7-10.

Accordingly, plaintiff's Rule 59 Motion for Reconsideration is GRANTED IN PART and DENIED IN PART, and his Motion for Leave to File the Rule 59 Motion for Reconsideration is DENIED AS MOOT. A separate Order accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge